**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

Amber Clark,                          )
                                      )
    Plaintiff,                     )
                                      )
    v.                             )        No.   1:26-cv-1177
                                      )
Med-1 Solutions, LLC, an Indiana      )
limited liability company,            )
                                      )
    Defendant.                     )        <u>Jury Demanded</u>

**COMPLAINT**

Plaintiff, Amber Clark, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Amber Clark ("Clark"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt which she allegedly owed to Community Health Network ("CHN").

1

4.     Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, the internet to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Med-1 operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5.     Defendant Med-1 was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.     Defendant Med-1 is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Indiana.

## FACTUAL ALLEGATIONS

7.     Due to financial difficulties, Ms. Clark was unable to pay her debts including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to Community Health Network ("CHN"). At some point in time after the CHN debt went into default, Defendant Med-1 obtained it for collection.

8.     On March 23, 2026, during a phone call with one of Med-1's debt collectors, Ms. Clark told Med-1 that she was filing for bankruptcy and was represented by counsel. Med-1's debt collector told Ms. Clark to send an email to a specific email address, "legal@med1solutions.com", with her attorney's name and telephone number. Ms. Clark did so that same day. A copy of this email is attached as Exhibit B.

11.     Nonetheless, Defendant Med-1 sent Ms. Clark a collection email on May

1, 2026, demanding payment of the debt that she had allegedly owed to CHN. A copy of this collection email is attached as Exhibit C.

12. As a result of Defendant's illegal collection actions, Ms. Clark had to take her time and effort to get the collection email to her attorneys, as well as the expense (about $270), to have her attorneys send Defendant a letter on June 1, 2026, telling it to stop its improper collection efforts. A copy of this letter is attached as Exhibit D.

**ARTICLE III STANDING**

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "Abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection Practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

15. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and intruded upon her seclusion; Defendant's actions were a direct invasion of

3

Ms. Clark's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

16.    Defendant's collection actions alarmed, confused and emotionally distressed Ms. Clark, invaded her right to privacy/seclusion and caused her to have to take her time and effort, as well as expense, to re-assert her right to be left alone, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

17.    All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With a Consumer Represented By Counsel

18.    Plaintiff adopts and realleges ¶¶ 1-17.

19.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

20.    Defendant knew that Ms. Clark was represented by counsel in connection with this debt because she told Defendant orally and in writing that she was represented by counsel. By directly writing to her, despite knowing that she was represented by attorneys, Defendant violated § 1692c(a)(2) of the FDCPA.

21.    Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

24      Here, Ms. Clark directly told Defendant orally and then in writing that she would not pay the debt and that collection actions/communications should cease. By directly writing to Ms. Clark regarding the CHN debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

25.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff Amber Clark, prays that this Court:

1.     Find that Defendant's collection actions violate the FDCPA;

2.     Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Amber Clark, demands trial by jury.

Amber Clark,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: June 3, 2026

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com