**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Amber Clark, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01177-RLY-MKK |
| | ) | |
| Med-1 Solutions, LLC, an Indiana limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. Plaintiff: Amber Clark.

Defendant: Med-1 Solutions, LLC

B. Plaintiff's Counsel:

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com

Defendant's Counsel: Nicholas Moline (Ind. Bar No. 29711-49)
MED-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, Indiana 46142
(317) 883-883-5600
Nicholas.Moline@revonecompanies.com

## II. Synopsis of Case

A. This Court has subject matter jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

B. Plaintiff's: Due to financial difficulties, Ms. Clark was unable to pay her debts including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for medical services. At some point in time after these debts went into default, Defendant Med-1 obtained them for collection.

On March 23, 2026, according to Med-1's own records, Med-1 called Ms. Clark as to one of the two collection accounts it had for her. Ms. Clark called Med-1 back, stating that she had "just missed a call" and that she ". . . was actually just calling back to give you guys my lawyer's information". She was transferred to Med-1's legal department, where she again told Med-1 "I was just calling to update my lawyer information on file so I could stop getting the phone calls." Rather than simply take her attorney's information and apply it to the accounts it was attempting to collect from her, Med-1's employee told Ms. Clark that it would prefer to receive the information in writing and gave her a specific email address to send the information to, namely "legal@med1solutions.com". Med-1's employee told Ms. Clark to put the account number "12232511" on the subject line of her email. Unbeknownst to Ms. Clark, this was the account number for a different debt than the debt Med-1 had just called Ms. Clark about earlier in the day. Ms. Clark sent the email, as directed by Med-'s

personnel, that same day. Nonetheless, Defendant Med-1 sent Ms. Clark a collection email on May 1, 2026, demanding payment of one of the medical debts that she allegedly owed.

As a result of Defendant's illegal collection actions, Ms. Clark had to take her time and effort to get the collection email to her attorneys, as well as the expense (about $270), to have her attorneys send Defendant a letter on June 1, 2026, telling it to stop its improper collection efforts.

Defendant's collection actions violate §§ 1692c(a)(2) and 1692c(c) of the FDCPA, which renders it liable for actual and statutory damages, together with attorneys' fees and costs pursuant to § 1692(k) of the FDCPA.

Defendant's: This case centers on a straightforward application of the FDCPA, specifically 15 U.S.C. § 1692c(a)(2), which prohibits communication only if a debt collector has actual knowledge that a consumer is represented by an attorney "with respect to such debt."

Plaintiff had multiple, distinct accounts placed with Defendant MED-1 Solutions ("MED-1") for collection. One of these accounts (Account No. 12232511) was in litigation attempting to collect a judgment, while another separate account remained in pre-legal collections.

On March 23, 2026 Plaintiff contacted MED-1 and was routed to the legal department which handles accounts in active litigation. During this call, Plaintiff indicated she wished to provide attorney information. Because the legal department representative was handling Plaintiff's litigated account, the representative provided

Plaintiff with the specific account number for the account in litigation and requested she submit the attorney information in writing to the legal department's email address.

On that same day, March 23, 2026, Plaintiff sent an email to MED-1, the subject line of the email explicitly and exclusively referenced the litigated account: "12232511." The body of the email contained only the name and phone number of Plaintiff's law firm, along with Plaintiff's name. The email did not reference any other account numbers. The email contained no language stating or implying that the attorney represented Plaintiff for "all debts," "all accounts," or general financial affairs.

Upon receiving this written notice, MED-1 properly updated account #12232511 and ceased direct communication regarding that specific debt. However, because Plaintiff's written notice was explicitly limited to Account #12232511, MED-1 did not have actual knowledge that Plaintiff had retained counsel for her other, separate debt.

A debt collector is not required to presume that attorney representation for one specific debt automatically extends to all other debts a consumer may owe. The burden rests entirely on the consumer to clearly invoke their FDCPA protections for multiple accounts. Because Plaintiff failed to inform MED-1 that her representation extended beyond Account #12232511, MED-1 standard collections department lawfully sent a routine collection email on May 1, 2026 , regarding the separate, unrepresented account.

MED-1's actions were fully compliant with the FDCPA. MED-1 did not violate §§ 1692c(a)(2) or 1692(c), and Plaintiff is not entitled to actual damages, statutory damages, attorney's fees, or costs.

Furthermore, even if the Court were to determine that a technical violation occurred, MED-1 asserts affirmative defenses that bar Plaintiff's claim entirely. First, Plaintiff lacks Article III standing to bring this action. The receipt of a single, routine collection email does not amount to a concrete, particularized injury-in-fact, nor does it rise to the level of a highly offensive intrusion upon seclusion recognized under common law. Second, MED-1 is shielded from liability by the bona fide error defense pursuant to 15. U.S.C. § 1692k(c). Any alleged failure to globally apply the attorney representation to all of Plaintiff's open accounts was strictly unintentional and resulted from a bona fide error. This occurred notwithstanding MED-1's maintenance of comprehensive, written procedures reasonably adapted to avoid such errors, specifically, explicit company policies mandating that attorney information be applied to all open accounts. Therefore, any deviation from this policy was an isolated, unintentional error, shielding MED-1 from liability.

## III. Pretrial Pleadings and Disclosures

A. The parties served their Fed. R. Civ. P. 26 initial disclosures a on September 3, 2026.

B. Plaintiff shall file preliminary witness and exhibit lists on or before November 2, 2026.

C. Defendant shall file preliminary witness and exhibit lists on or before December 1, 2026.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 2, 2026.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before November 2, 2026. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 21 days after receipt of the demand. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 12, 2027. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)2) on or before April 12, 2027; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before April 12, 2027.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than October 18, 2027. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I. All parties shall file and serve their final witness and exhibit lists on or before September 5, 2027. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties have discussed preservation and disclosures of electronically stored discovery information, including a timetable for making the materials available to the opposing party, and believe that none is at issue in this case. However, absent good cause shown, any electronically stored discovery shall be produced in PDF format. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall

promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff believes that summary judgment is appropriate because the collection actions violate the plain language of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Defendant believes that summary judgment is appropriate because the undisputed material facts establish that Defendant did not violated the FDCPA. Specifically, Defendant lacked actual knowledge that Plaintiff was represented by counsel "with respect to such debt" that was the subject of the May 1, 2026, email, as strictly required by 15 U.S.C. § 1692c(a)(2). Because Plaintiff's written notice of representation was explicitly limited to a separate, litigated account, Defendant's communication regarding the unrepresented account was lawful, entitling Defendant to judgment as a matter of law.

Furthermore, summary judgment is appropriate because Plaintiff cannot establish concrete, particularized, injury-in-fact- stemming from the receipt of a single, routine collection email, and therefore lacks Article III standing. Alternatively, even if the Court finds a technical violation occurred, Defendant is entitled to summary judgment under the bona fide error defense, because any failure to apply the attorney representation to all of Plaintiff's accounts was strictly unintentional and occurred despite MED-1 maintaining comprehensive written procedures reasonably adapted to avoid such errors.

B. On or before August 9, 2027, and consistent with the certification provision of Fed. R. Civ. P. 11 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _________ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are note anticipated].

_x__ Track 2: Dispositive motions are expected and shall be filed by November 8, 2027, and all discovery shall be completed by October 4, 2027. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

____ Track 3: Dispositive motions shall be filed by _________ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by __________; expert witness discovery shall be completed by __________.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

The parties have explored the possibility of settlement without the Court's involvement. However, the parties were not yet successful in their efforts, and if it seems that a conference with the Court may be appropriate and effective, the parties will contact the Court's staff to request a conference.

## VI. Trial Date

The case will be ready for trial in August 2028. The trial is by jury and is anticipated to take 1-2 days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

The parties have selected Track 2 so as to provide time to resolve anticipated motions for summary judgment.

## VII. Referral to Magistrate Judge

A. **Case.** At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

B. **Motions.** None at this time.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. File a list of witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for

inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:
   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed

exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. Other Matters**

None at this time.

Respectfully submitted,

One of Plaintiff's Attorneys

s/ David J. Philipps___________
David J. Philipps (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

One of Defendant's Attorneys

s/ Nicholas Moline_w-permission_
Nicholas Moline (Ind. Bar No. 29711-49)
MED-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, Indiana 46142
(317) 883-883-5600
Nicholas.Moline@revonecompanies.com

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AS AMENDED AND SO ORDERED.**

Date: 9/18/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana